IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER BACON, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　Defendant. | Civil Action File No.<br><br>_____<br><br>**Jury Trial Demanded** |

# CLASS ACTION COMPLAINT

## INTRODUCTION

1.　　Plaintiff, ALEXANDER BACON ("BACON") seeks redress on behalf of himself and all others similarly situated who may have received calls to a cellular telephone made or initiated by Defendant using an automatic telephone dialing system without the prior express consent of the called party. Plaintiff alleges that Defendant's conduct violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the regulations promulgated thereunder, 47 CFR § 64.1200.

## SUBJECT MATTER JURISDICTION

2. Plaintiff brings this action for violations of the federal Telephone Consumer Protection Act pursuant to a private right of action conferred by Congress. *See* 47 U.S.C. § 227(b)(3).

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. As a result of Defendant's conduct, Plaintiff, and the members of the class he seeks to represent, have incurred damages and concrete and particularized injuries which are real, actually exist, and are personal to the Plaintiff and to the class members. Such injuries were caused by and are traceable to Defendant's conduct, and Plaintiff seeks redress in the form of damages on behalf of himself and the class of similarly situated individuals. Such injuries include, but are not limited to, invasion of privacy (including an intrusion upon his seclusion), nuisance, trespass to his telephone and his telephone line, annoyance, aggravation, and the invasion of a personal, substantive statutory right not to be called in violation of the TCPA.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Alexander Bacon, is a natural person who resides in Gwinnett County, Georgia and is authorized by law to bring this action.

6. Defendant, WELLS FARGO BANK, N.A. ("WELLS FARGO"), is a bank chartered under the laws of the United States with its principal office located at 101 N. Phillips Avenue, Sioux Falls, SD 57104.

7. WELLS FARGO is a nationwide provider with a large portfolio of financial product and service offerings.

8. WELLS FARGO markets its financial products and services throughout the country, including throughout the State of Georgia.

9. WELLS FARGO continually and systematically transacts business within Gwinnett County, Georgia, including multiple branch locations and ATMs. Because it is a national bank, WELLS FARGO's branches are treated as if they were the "main office" of WELLS FARGO. 12 U.S.C. § 36(f)(2).

10. In the course of its business, WELLS FARGO regularly uses the telephones to contact its current customers and prospective customers regarding business matters, including past due or delinquent accounts, or alternatively, to solicit new accounts from past, current, or prospective customers.

11. In the course of its business, WELLS FARGO initiated telephone calls to Plaintiff's cellular telephone.

12. Plaintiff's causes of action arise from telephone calls initiated by WELLS FARGO.

13. WELLS FARGO is subject to the jurisdiction and venue of this court.

14. WELLS FARGO may be served by personal service upon its registered agent in Gwinnett County, Georgia, to wit: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

15. Other defendants may be discovered in the course of litigation. As such, Plaintiff respectfully requests that this Court permit the addition of later discovered Defendants upon motion

## STATEMENT OF FACTS

16. The named Plaintiff has been the regular user of cellular telephone service for telephone number (404) xxx-9883 for a period in excess of four years.

17. WELLS FARGO has initiated telephone calls to Plaintiff's cellular telephone number.

18. WELLS FARGO has initiated a series of telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

19. WELLS FARGO used an automatic telephone dialing system to initiate calls to Plaintiff's cellular telephone number in order to collect on allegedly past due or delinquent account(s), or alternatively, to solicit him to open an account.

20. On or around September of 2014 as part of its dialing campaign, WELLS FARGO initiated a call to Plaintiff during which Plaintiff expressed that he wished the calls to his cellular telephone to cease; the representative in response instructed Plaintiff that the only way for the calls to stop completely was to bring the account current.

21. Despite Plaintiff's expressed desire that further calls to his cellular telephone cease, WELLS FARGO continued to initiate calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, at times initiating multiple calls during the same day.

22. Plaintiff answered multiple calls from WELLS FARGO where at the beginning of the calls a "dead air" silence of five (5) seconds or more can be heard prior to a representative appearing on the line.

23. On or about December 11, 2015, tired of being annoyed, harassed, having his seclusion invaded and having his telephone line trespassed upon and tied up by WELLS FARGO's autodialed calls to his cellular telephone, Plaintiff

5

called WELLS FARGO and demanded in unequivocal terms that WELLS FARGO stop calling his cellular telephone.

24.     Despite the September, 2014 and December 11, 2015 demands to stop calling his cellular telephone, WELLS FARGO continued calling his cellular telephone.

25.     WELLS FARGO uses contact center software which connects to its telephony hardware that together constitute a dialing system with the capacity to store telephone numbers, generate such telephone numbers from a stored database to be called either at random or in a sequence, and to dial such numbers.

26.     The telephone calls to Plaintiff's cellular telephone number, and to the class, were initiated using WELLS FARGO' contact center software.

27.     WELLS FARGO' dialing system has the capacity to store a database of telephone numbers.

28.     WELLS FARGO' dialing system has the capacity to dial from a database of stored telephone numbers either at random or in a sequence, either pre-set or determined by algorithm.

29.     WELLS FARGO' dialing system has the capacity to dial thousands of numbers in a short period of time from a database of stored telephone numbers.

30. WELLS FARGO' dialing system has the capacity to dial from a list of stored telephone numbers without human intervention.

31. Calls which include several seconds of "dead air" silence prior to a live representative appearing on the line are indicative of the use of predictive dialing software or other similar software where a system initiates a call rather than a live human.

32. All of the calls that WELLS FARGO initiated to Plaintiff's cellular telephone number, and to the class, were initiated using software which has the capacity to predicatively dial.

33. Dialing systems, like those employed by WELLS FARGO to call Plaintiff, lack human intelligence and continue to call until someone intervenes to force it to stop calling.

34. WELLS FARGO' telephone calls to Plaintiff, and to the class, were initiated using its automatic telephone dialing system (ATDS).

35. WELLS FARGO did not have Plaintiff's prior express consent to contact him on his cellular telephone using an automatic telephone dialing system.

36. Calls which include several seconds of "dead air" silence prior to a live representative appearing on the line are indicative of the use of predictive dialing software and systems.  See *In re Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14067, ¶90 (Jun 26, 2003).

37. All of the calls that WELLS FARGO initiated to Plaintiff's cellular telephone number, and to the class, were initiated using software which has the capacity to predicatively dial.

38. Dialing systems, like those employed by WELLS FARGO to call Plaintiff, lack human intelligence and continue to call until someone intervenes to force it to stop calling.

39. WELLS FARGO's telephone calls to Plaintiff, and to the class, were initiated using its automatic telephone dialing system (ATDS).

40. WELLS FARGO did not have Plaintiff's prior express consent to contact him on his cellular telephone using an automatic telephone dialing system.

41. WELLS FARGO continued to initiate multiple calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, including multiple calls in a single day, after Plaintiff had clearly and unequivocally asked that the calls stop.

42. WELLS FARGO initiated calls to Plaintiff, and to the class, using an automatic telephone dialing system without the prior express consent of the called party.

43. Prior to the September 2015 call, and certainly after it, WELLS FARGO knew or should have known that (404) xxx-9883 was a cellular telephone number.

44. In the alternative, WELLS FARGO should have conducted a simple cellular telephone number scrub using a recognized database, such as Neustar, to determine that (404) xxx-9883 was a cellular telephone number.

45. Continuing to initiate calls to cellular telephone numbers without conducting a cellular scrub, particularly after a request to cease doing so, was in reckless disregard of WELLS FARGO's obligations under the TCPA.

46. It was the intent of WELLS FARGO to initiate dialer calls to (404) x-9883. Moreover, it made such dialer calls despite that it knew it did not have consent.

47. All telephone calls made by WELLS FARGO to Plaintiff's and to the class members' cellular telephone numbers were knowingly and willfully initiated.

48. WELLS FARGO had actual or constructive knowledge that it lacked the prior express consent of Plaintiff and class members when it used an automatic telephone dialing system to initiate calls to their cellular telephone numbers.

49. The above-described telephone calls to Plaintiff and to the class members cellular telephone numbers were not initiated by accident or mistake.

50. Manufacturers and vendors of dialing software, hardware and equipment, such as that employed by WELLS FARGO, routinely provide their clients manuals and other media concerning TCPA compliance, in particular scrubbing or flagging of cellular telephone numbers.

51. Moreover, WELLS FARGO has been a defendant in several TCPA lawsuits in the past; and as such, is acutely aware of the TCPA and its compliance obligations thereunder. It made these calls in spite of such awareness.

52. The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated intentionally using an automatic telephone dialing system.

53. The telephone calls to Plaintiff's cellular telephone, and to class members, were initiated willfully and/or knowingly using an automatic telephone dialing system.

54. WELLS FARGO's use of an automatic telephone dialing system to initiate calls to cellular telephones did not result from accident or mistake.

55. Plaintiff and the class members did not desire to receive such calls to their cellular telephone numbers and suffered particularized and concrete injuries as a result including, but not limited to, annoyance, nuisance, harassment, invasion of their respective privacy interests, and trespass or occupation of their respective telephone lines.

56. Moreover, Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and WELLS FARGO has harmed the named Plaintiff and class members by invading this legally protected right.

57. All conditions precedent to bringing this action have been complied with.

## CLASS ALLEGATIONS

58. This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or on behalf of WELLS FARGO (ii) to such person's cellular telephone number (iii) using the same or similar telephone dialing system(s) used by Defendant, or any person on its behalf, to call (404) xxx-9883 (iv) in the four year period preceding the filing of this action, through the date of class certification; (v) excluded from the class are those persons who directly provided his or her cellular telephone number to WELLS FARGO and did not subsequently revoke consent.

59. The exact size of the class is information within the exclusive knowledge of the Defendant.

60. The class is so numerous that joinder of all members is impractical.

61.    The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This allegation is based upon the following information: 1) Plaintiff himself received many calls to his cellular telephone from WELLS FARGO, indicating Defendant did not scrub to remove cellular telephone numbers; 2) the very purpose of automated dialers is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to his cellular telephone; and 3) the sheer size and scope of WELLS FARGO's collection and marketing campaigns.

62.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

      a.  Whether WELLS FARGO' dialing system(s) constitutes an automatic telephone dialing system under the TCPA and/or the FCC's rules; and

      b.  Whether the telephone calls were made knowingly or willfully.

60.    The claims of the Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

61.    Plaintiff will fairly and adequately protect the interests of the class.  He has retained counsel experienced in handling TCPA robocall actions and class

actions.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

  62. Certification of the class under Fed. R. Civ. P. 23 is appropriate in that:

  a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

  b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not even obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

  63. Plaintiff requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(3) for his claims of monetary damages.

64. Defendant has acted on grounds that apply generally to the class making final injunctive relief appropriate to the class as a whole.

65. Plaintiff additionally requests certification of a class pursuant to Fed. R. Civ. P. 23(b)(2) for his claims for injunctive relief. As is exhibited by Wells Fargo's recidivism, money damages are insufficient to wrench TCPA compliance from WELLS FARGO.

## CAUSES OF ACTION

### COUNT ONE: MONETARY DAMAGES PURSUANT TO 47 U.S.C. § 227(b)(3)(B) FOR IMPROPER USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM

63. The acts of Defendant constitute violations of the Telephone Consumer Protection Act's prohibitions on the use of automatic telephone dialing systems and the regulations promulgated thereunder.

64. Defendant used an automatic telephone dialing system when it made and/or initiated calls to plaintiff's cellular telephone number.

65. Defendant's violations of the TCPA include, but are not limited to,

66. making and/or initiating telephone calls using an automatic telephone dialing system to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR §  64.1200(a)(1)(iii).

67. As a result of Defendant's actions, Plaintiff and the members of the class are entitled to an award of damages of $500.00 for each such violation.

68. Defendant's violations were committed willfully and knowingly.

69. Plaintiff, on behalf of himself and the class, requests the court treble damages pursuant to 47 U.S.C. §227(b)(3).

### COUNT TWO:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

70. The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of an automatic telephone dialing system to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuous calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

71. Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

72. The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of automatic telephone dialing systems.

73. Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. §227(b)(3)(A) to enjoin and prohibit Defendant from use of an automatic telephone dialing system in the future.

74. In the alternative, Plaintiff individually and on behalf of the class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system without the prior express consent of the called party in the future.

## COUNT THREE: BAD FAITH ATTORNEY FEES

75. Defendant willingly, knowingly, and intentionally violated the TCPA in making autodialed telephone calls to Plaintiff's and class member's cellular telephone numbers without the parties' prior express consent.

76. "Every intentional tort invokes a species of bad faith that entitles a person wronged to recover the expenses of litigation including attorney fees." *Tyler v. Lincoln*, 272 Ga. 118, 527 S.E.2d 180 (Ga. 2000).

77. "There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to OCGA § 13-6-11. Rather, 'OCGA § 13-6-11 constitutes a vehicle for the collection of attorney fees' even when only a federal law claim for damages is submitted to the finder of fact."

*Fulton County v. Legacy Inv. Group, LLC*, 296 Ga.App. 822, 827 (2009).

78. Defendant has acted in bad faith, been stubbornly litigious or caused the Plaintiff, and the class members, unnecessary trouble and expense, and as such, Plaintiff and the class members are entitled to an award of litigation expenses, including a reasonable attorneys' fee, pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

79. Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

80. Plaintiff hereby demands that the Defendant take affirmative steps to preserve all telephone recordings, data, emails, other recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any

such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

A. Certification of this matter to proceed as a class action;

B. That Plaintiff and the class be awarded damages in the liquidated amounts provided by statute;

C. That Plaintiff and the class be awarded treble damages;

D. In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that the defendant be permanently enjoined from making telephone calls using the equipment used to call plaintiff, without the prior express consent of the called party.

E. In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that defendant be subjected to formal quarterly reviews through an independent third-party auditor as

to compliance with the injunction above, and submit such audits to plaintiff's counsel and the Court;

F. In order to ensure plaintiff and members of the class do not receive future calls like those delineated here, that defendant be required to keep track of any allegation by any person that they may have been called without their consent. Each such allegation shall be investigated by the defendant, and the results of such investigation, including what equipment was used to make such calls and the basis for consent, shall be included in the complaint database. The complaint database shall be submitted on a quarterly basis along with the independent auditor's report.

G. That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

H. That Plaintiff and members of the class be awarded such additional relief as deemed just and proper.

Respectfully submitted,

                               **SKAAR & FEAGLE, LLP**

                               By:    /s/ James M. Feagle
                                          James M. Feagle
                                          Georgia Bar No. 256916

jfeagle@skaarandfeagle.com
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Tel:   (404) 373-1970
Fax:  (404) 601-1855

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel:   (770) 427-5600
Fax:  (404) 601-1855

**BURKE LAW OFFICES, LLC**

Alexander H. Burke*
aburke@burkelawllc.com
Daniel J. Marovitch*
dmarovitch@burkelawllc.com
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
* applications *pro hac vice* to be filed

ATTORNEYS FOR PLAINTIFF