# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WINDIE BISHOP and LAURYN FAYSON, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No. 1:17-cv-01505-TWT |

## **DECLARATION OF ALEXANDER H. BURKE**

I, Alexander H. Burke, hereby declare as follows:

1. I am Alexander H. Burke, one of the lawyers for Plaintiffs in this action. I make this declaration based upon my personal knowledge.

2. I stand by my original certification that the parties sufficiently met and conferred with regard to documents concerning the accounts on which the named Plaintiffs were called.

3. Rebecca Saelao's declaration, Dkt. No. 63 at ¶ 14, about those meet and confer discussions is technically true, but materially misleading.

4. Ms. Saelao's declaration states:

> Prior to filing the motion to compel, plaintiffs' counsel did not meet and confer with Wells Fargo's counsel regarding alleged deficiencies in Wells Fargo's production of documents relating to the calls to the

named plaintiffs.

5.     I personally met and conferred with Ms. Saelao several times with regard to Plaintiffs' expectations as to production of materials concerning the accounts on which both named Plaintiffs were called, before Wells Fargo finally produced the incomplete materials to which Ms. Saelao refers.

6.     I made clear that Plaintiffs' position is that Production Request No. 14 encompasses the documentation surrounding an account, including account notes, dialer records, application information, and anything else that might bear upon calls or consent.

7.     On December 11, 2017, Rebecca Saelao, and Matt Wilson and I from the Plaintiffs' team, held a telephonic discovery conference. We walked through each and every discovery request, and I answered any questions Ms. Saelao had. We also substantively discussed whether Wells Fargo was withholding documents based upon objections as to any particular request, and the parties agreed that Wells Fargo would tell Plaintiffs the general nature of any responsive materials withheld. I specifically asked Ms. Saelao to commit to provide responsive materials concerning Plaintiffs Bishop and Fayson, and Ms. Saelao committed to doing so the following week. We scheduled a follow-up call for December 21, 2017, to discuss the sufficiency of the production. Frankly, at this point discussions between the parties on the subject of the account information having to do with the

named Plaintiffs was uncontroversial; based upon discussions, I expected them to be produced as-requested.

8. On December 22, 2017, we held the follow-up call. However, Wells Fargo had not produced documents in the meantime, despite its commitment to do so. I mentioned the lack of Fayson and Bishop account materials, specifically, during this call, and asked that they be produce. After Ms. Saelao explained that Wells Fargo had not been able to obtain documents for timely production, I suggested that Wells Fargo take five weeks to retrieve these materials, and make its production after the holidays at the end of January. Wells Fargo agreed to this suggestion.

9. On January 22, 2018, Wells Fargo made a document production that did not include the discussed materials concerning Ms. Bishop, even though it had agreed to do so. On January 29, 2018, I sent an email to Rebecca Saelao that said in relevant part:

> We received Wells Fargo's document production, and I'm confused. We waited a month so that we would give you plenty of time to supplement both Wells Fargo's interrogatory responses and document production. There are myriad items we discussed in our meet and confer that are not addressed in the most recent production.
>
> Most urgently (and perhaps easiest), we request that Wells Fargo please produce all documents and data concerning the named plaintiffs or their phone numbers. We note that we do not, for example, have the account notes or other documents (save a contract and dialer log) for the Fayson account, and nothing having to do with Bishop or her cell number has been produced.

10. Ms. Saelao responded on January 31, 2018, by email that did not address the lack of Bishop materials. The next day, February 1, 2018, I sent another email to defense counsel stating, in part:

> Your note does not mention the Bishop and Fayson-related materials, which we have spoken about several times. Please complete the production for both of those named plaintiffs tomorrow or we will be filing a motion.

11. On February 2, 2018, Wells Fargo produced documentation that did not satisfy the standards Ms. Saelao and I discussed previously.

12. At my instance after the filing of this motion, I called Ms. Saelao to discuss the possibility of Wells Fargo producing the account notes and other responsive materials concerning Ms. Bishop. Ms. Saelao responded that neither Fed.R.Civ.P. 26(a)(1) nor Production Request No. 14 required production of materials concerning the account on which Ms. Bishop was called, that Wells Fargo would stand on its objections, and that she would attack the meet and confer process in their opposition to our motion to compel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, recollection, and belief.

Dated: July 12, 2018                    /s/ Alexander H. Burke