**Exhibit A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Michael Rose,

    Plaintiff,

v.

Wells Fargo Advisors, LLC,

    Defendant.

Case No. 1:16-cv-00562-CAP

## Order

This Court previously stayed this action pending a decision from the D.C. Circuit Court of Appeals that was expected to clarify issues involving the interpretation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, that were pertinent to the issues to be litigated in this case.[1]

On March 16, 2018, the D.C. Circuit issued its decision in *ACA International v. FCC*[2] and set aside the FCC's attempt to clarify the statutory definition of the types of calling equipment that fall within the TCPA's restrictions. Finding certain aspects of the FCC's 2015 Declaratory Ruling

---

[1] *See* ECF No. 22.

[2] 885 F.3d 687 (2018).

regarding the TCPA to be unreasonable or arbitrary and capricious (including aspects of the 2015 Declaratory Ruling that are relevant to this case), the D.C. Circuit did not interpose its own interpretations of the TCPA, but instead left it up to the FCC to issue a new Declaratory Ruling. Responding to the D.C. Circuit's ruling, the FCC issued a Public Notice seeking comment on the issues raised as a result of the *ACA International* decision regarding the interpretation of the Telephone Consumer Protection Act.[3]

"Courts are divided on the current definition of an ATDS [automatic telephone dialing system] in the wake of *ACA International*."[4] Some courts have concluded that all of the FCC's rulings regarding the definition of an ATDS were vacated by *ACA International* and have interpreted what constitutes an ATDS in light of the statutory language alone.[5] Others have held that the FCC's rulings prior to the 2015 Declaratory Ruling addressed in

---

[3] *Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA Int'l Decision*, DA 18-493, May 14, 2018.

[4] *Sessions v. Barclays Bank Del.*, No. 1:17-CV-01600-LMM, 2018 WL 3134439, at *3 (N.D. Ga. June 25, 2018).

[5] *See id.* at *4–5 (relying on statutory language alone to determine whether a system qualifies as an ATDS).

*ACA International* remain valid.[6]

Given that courts are divided on the current definition of an ATDS, that the FCC promptly began the process of formulating and issuing a new Declaratory Ruling, and the deadlines for comments and reply comments to be filed with the FCC have already passed, the Court sees wisdom in continuing the present stay in this case to allow the FCC a reasonable amount of time to issue a new Declaratory Ruling in the wake of the *ACA International* decision.

The Court notes that "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay."[7] "A stay must not be 'immoderate.'"[8] And the Eleventh Circuit has held that a stay that remains in effect until proceedings in another forum are concluded is immoderate.[9]

---

[6] *See Maddox v. CBE Group, Inc.*, NO. 1:17-CV-1909-SCJ, 2018 WL 2327037, at *4 (N.D. Ga. May 22, 2018) ("Given the *ACA Int'l* decision, the Court relies on the FCC's 2003 interpretation of § 227(a)(1) to determine if Defendant's system qualifies as an ATDS.").

[7] *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

[8] *Id.*

[9] *See id.* (holding stay that "remain[ed] in effect until the 'Bahamian Courts conclude their review'" was indefinite in scope and, thus, immoderate).

The Court hereby continues the stay that is presently in effect until the date that is nine months from the date of the entry of this Order or 30 days after the FCC issues a declaratory ruling in CG Docket Nos. 18-152 & 02-278 addressing the topics designated in the FCC's Public Notice DA 18-493 issued on May 14, 2018, whichever occurs first.

SO ORDERED this __20th__ day of __JULY__ 2018.

/s/CHARLES A. PANNELL, JR.
_____
CHARLES A. PANNELL, JR.
United States District Judge